I would like to reserve three minutes for rebuttal. Good morning, my name is Sylvia Talley and I represent the appellant Korey Moore. With me is... Just before you get started, since she's without a clock up here, could you give me a sign or something when she gets to a rebuttal so I can make sure she reserves her time. My name is Sylvia Talley and I represent the appellant Korey Moore. With me is Lisa Peters, she represented Mr. Moore at trial and sentencing. The issue before this court is whether Mr. Moore has the requisite number of predicate offenses for purposes of sentencing him under the Armed Career Criminal Act, which mandates a 15-year prison term. We know that he does not because none of his prior offenses has as a necessary element the use, attempt to use, or coercion of another. Mr. Moore's prior offenses include Arkansas convictions for domestic battery in the first degree, domestic battery in the third degree, and terrorist threatening in the first degree. His domestic battery in the first degree convictions, the conduct underlying those convictions, they only support a domestic battery in the third degree conviction, but because he had prior domestic battery in the third degree convictions, they were elevated to domestic balance in the first degree. In Arkansas, also his domestic battery in the third degree are usually classified as misdemeanors, but because of his prior Arkansas domestic battery in the third degree convictions, they were elevated to felonies. In Arkansas, a person commits domestic battery in the third degree with the purpose of causing physical injury to a family or household member. He causes physical injury to a family or household member. As recognized, we know this court has held that the causation of physical injury necessarily entails the use of violent physical force. In doing so, the court relied on the United States Supreme Court's decision in Councilman. There, the court was interpreting the physical force, the term physical force, as used in the misdemeanor crime of domestic violence, and it held that the requirement of physical force for the purposes of that statute, the degree of force, I'm sorry, the requirement of physical force is not satisfied by the degree of force that supports a common-law battery conviction. Well, a common-law battery conviction can be supported by mere touching, and it's supported by the indirect application of force. That's why the court held that it is impossible to cause physical injury without the use of force in the common-law sense. So, by express terms, the court limited it to the specifically reserved the issue of whether the mere causation of physical injury necessarily entails the use of violent physical force. Wouldn't your argument require us to overrule Rice? Yes, it does. I know that this panel can't do that, right? We recognize that, but we still think the court got it wrong, without respect. And to quote the Fifth Circuit, by express terms, calcimus analysis is not applicable to the physical force requirement for a violent felony, which suggests a category of violent active crimes to have as an element a heightened form of physical force that is narrower in scope than that applicable in the domestic violent context. So, our argument is even if the court continues to hold that the mere causation of physical injury necessarily entails the use of violent physical force, I don't think in Rice that it got to the issue of whether... Can I make a suggestion? Yes. You might want to move on to your other ones, because this panel can't overrule Rice and maybe save that argument for a petition for rehearing NBank. I agree, thank you. Well, in regards to terrorist threatening, we believe that Arkansas's terrorist threatening is overly broad and indivisible, because it includes crimes against property. We recognize that in Boaz, the court held that terrorist, the defendant's conviction for terrorist threatening qualified as a, I think it was a violent felony in that context, because he threatened to kill another. But the court implied the modified categorical approach gets that analysis. But after Mathis, we know that the domestic battery, I'm sorry, we know that terrorist threatening is indivisible, because it lists alternative means rather than alternative elements. That's the key. I mean, you run into Boaz, but you have Mathis as an intervening Supreme Court case. That's correct. So, tell me why property or person is, I guess you're arguing, a means versus an element. We have Arkansas case law that supports that as well. Arkansas cases say that it is a means? Well, they outline the elements of terrorist threatening as, with the purpose of terrorizing, that's one element. The second element is another person. And the third element is the person that threatens the school the person threatens physical injury or property damage. That's the third element. So, physical injury and property damage are alternative means of satisfying that single element. What case does that? Oh, it's, I believe I have it right here. I'm sorry. I mean, if it's laid out in your brief, we'll find it. Yes, it's in my brief. It's Warren v. State. Would you like the citation? I'll find it. Okay. Thank you. You're welcome. Also, there's another Arkansas case law that's upheld a terrorist threatening conviction when the person threatened to burn down a person's home. And the court held that a threat to burn down a person's house is clearly a threat to cause injury or property damage to another person within the meaning of Arkansas's terrorist threatening statute. So, we believe, well, we know that Arkansas's terrorist threatening statute is overly broad and indivisible because crimes against property are not, does not encompass the use, attempted use or threatened use of physical force against the person of another. Ten minutes left. You can continue if you like or you can reserve. I would like to move that mic a little closer to you. Yes, sir. I apologize. It will help us here, but it also helps our recording. Yes, sir. Under the ACCA, Mr. Moore is only required to have three violent felony convictions, two  required to qualify for the mandatory 15-year sentence. In this case, looking at this court's precedent, he has at least six violent felonies, possibly a seventh. The way we get to those is he's got four convictions for domestic violence. The statute specifically, in the language at issue in this case, found that under the guidelines it constituted a crime of violence. That was a guideline case, but again this court looks to guideline cases all the time for instruction on resolving issues with the Armed Career Criminal Act and vice versa. And that case was unpublished. But also in the United States v. Winston, this court reviewed the second-degree battery statute. Although it's a different statute, that statute contains the exact same language at issue in this case. And in Winston, this court held that that exact language constitutes a violent felony under the Armed Career Criminal Act. So based upon those two cases alone, Mr. Moore has four violent felonies, and really the court doesn't need to go any further. But if you want to, Mr. Moore also has two convictions for domestic battery first degree. There are no Eighth Circuit cases on point that review that language, but really there doesn't need to be, because the language for domestic battery first degree is the exact same language used in the third-degree statute and the exact same language used in the second-degree statute covered by Starks v. Winston. The only difference between the first-degree statute and the third-degree is the number of priors that you have for domestic battery. Third-degree requires one within five years. First-degree requires two within ten years. But the operative language for the ACCA is exactly the same. So if you include that, Mr. Moore now has six violent felonies. He still has one more conviction for terrorist-threatening first degree. Interrupt just for a second. Yes, Your Honor. As I understand the argument that's made on the domestic battery is essentially that Rice was decided incorrectly. Correct. That's my understanding, yes sir. Obviously a panel can't undo Rice. I agree. There's still the seventh conviction out there for terroristic threatening. Honestly, this court doesn't need to address that issue because we've got six other ones. But under Boas, we think it's still, it also qualifies as a terroristic, as a violent felony. Alright, so assuming we have to get it, Boas is decided before Mathis, right? It was. So don't we have to look at whether property and person are means versus elements? Yes, sir. What is it? Means or an element? In Boas, this court specifically found, looking at Arkansas's terroristic threatening statute, that the underlying, and this is a quote, the underlying state statute defines two separate offenses. Threats of death or threats of serious bodily injury is one, and then threats to property is the other. So we've got this formula for breaking it down into means and elements. Yes, sir. And Mathis says we have to look at state court actions and, you know, various pieces of evidence like that. Your opponent cites now Warren versus state, and see that, at least on the face, seems to suggest maybe it's a, it's a means versus an element. Yeah, I looked at the the case law as well, and I, in my opinion, the case law is not clear. And what that, what Mathis says, and they list a variety of factors, the last one they say, when all else fails and you're not really sure, look at the charging document. They say you can go ahead and peek at it. And when you look at the conviction for terroristic threatening, in this case, the charging document charges it as a threat against a person. There's no mention of property at all. So that seems to indicate that they are separate elements, and that this is a domestic battery first conviction. And I say that, I need to be careful on the terroristic threatening, because the conviction for terroristic threatening is in the same conviction for one of his domestic battery first convictions. And you can't count them both as violent felonies. It's one or the other, because they didn't arise at separate times. So perhaps that's another reason why we don't even get to the terroristic threatening, because he was a domestic first, clearly counts. That's all I have to say, unless the court has any further questions. I see none. Thank you. Thank you. Ms. Talley, you have three minutes, I believe. The elements of domestic battery and third degree do not correspond with the elements of the violent felony. The elements for a violent felony is the use of physical force against the person of another. Even though the Supreme Court held that violent, in that sense, means violent physical force against a person of another, the amount of force matters. And in Arkansas, physical injury, you can cause physical injury just by inflicting a bruise on another person. And there's a case law that says that, well, there's a case law that shows that a person was convicted of domestic battery just by squeezing someone's face and leaving a bruise on their face, and pinching someone's thigh in a playful manner, and they were convicted of a battery. So the degree of force necessary to convict under Arkansas's domestic battery and third degree does not arise to violent physical force. And also, in regards to Arkansas's terroristic threatening, I know the Arkansas case law isn't fuzzy on that issue. It says that terrorizing, threatening to cause death or serious physical injury or substantial property damage or alternative means of satisfying a single element. I lost track during Mr. Gordon's presentation. How many of these domestic assault convictions does your client have? I believe I'm not sure there's that number, but it was like four or five. And how many unchallenged convictions does he have in this case? Well, we're challenging all of them. Yes, because the domestic battery and the third degree convictions, you only have to cause physical injury. And you can cause physical injury by various means. And you can cause it by minor uses of court. Encounters may even said that squeezing a person's want. It's hard to describe as a balance. A squeeze of a person armed at least approves. And in Arkansas, you can be convicted of domestic battery just by doing that. Supreme Court says a touch isn't enough, but a slap is a slap in the face. But I don't think I don't believe a slap in the face is a pinch. Yeah, or even a grab of face like that's our argument. We've still got to figure the bump out. Right? Yeah. Bump. That's thank you. Thank you, Miss Talley. Court wishes to thank both counsel for your presence in the arguments you've provided to the court this morning. We're going to take the case under advisement. We know the best decision we can as prompt as possible. Thank you. Maybe excuse. Does that complete the court's docket for the morning? It does, Your Honor. And it completes the court's docket for the week. That being the case, court will be in recess until further call. Okay. Okay. Do you need any calendars?